UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON KENNEDY, | : | Case No. 2:25-cv-790 |
| Plaintiff, | : | |
| vs. | : | District Judge Algenon L. Marbley |
| | : | Magistrate Judge Stephanie K. Bowman |
| C. STACK-INVESTIGATOR, et al., | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the Mansfield Correctional Institution, has filed a pro se civil rights complaint, and amended complaint, in this Court against defendants Investigator C. Stack and RIB Chairperson G. Sutton. (*See* Doc. 3 at PageID 76). Plaintiff has paid the full filing fee. This matter is before the Court for a *sua sponte* review of the amended complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995, § 805, 28 U.S.C. § 1915A(b).

**Screening of Plaintiff's Amended Complaint (Doc. 3)**

**A. Legal Standard**

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest

which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Additionally, Congress has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

The screening procedures established by § 1915 apply to complaints filed by prisoners against governmental entities, officials or employees regardless of whether the plaintiff has paid the filing fee, as in this case, or is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915A(a); *Hyland v. Clinton*, 3 F. App'x 478, 479 (6th Cir. 2001); *Bell v. Rowe*, No. 97-4417, 1999 WL 196531, at *1 (6th Cir. Mar. 22, 1999) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997)); *see also Fleming v. United States*, 538 F. App'x 423, 426 (5th Cir. 2013) (per curiam) (citing *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998)); *Miller v. Edminsten*, 161 F. App'x 787, 788 (10th Cir. 2006); *Lewis v. Estes*, No. 00-1304, 2000 WL 1673382, at *1

(8th Cir. Nov. 8, 2000) (per curiam) (citing *McGore* and Seventh and Second Circuit Court decisions).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### B. Allegations in the Amended Complaint

Plaintiff brings this action under 42 U.S.C. § 1983, in connection with a conduct report issued against him and resulting Rules Infraction Board (RIB) hearing at the Belmont Correctional Institution (BECI), where plaintiff was previously located. As detailed below, plaintiff claims that defendants—Institutional Inspector C. Stack and RIB Chairperson G. Sutton—conducted an insufficient investigation of the events giving rise to the conduct report, issued a false conduct report against him, and deprived him of his due process rights in the RIB hearing. (Doc. 3 at PageID 80-82). Plaintiff also asserts state-law claims, including slander, defamation of character, abuse of process, and malicious prosecution. (*Id.* at PageID 82).

On August 26, 2024, plaintiff claims he purchased Arm & Hammer laundry detergent sheets from the commissary at the Southeastern Correctional Institution. (Doc. 3 at PageID 77). Plaintiff was subsequently transferred to the Trumbull Correctional Institution and, on December 24, 2024, to BECI. According to plaintiff, he was not afforded the opportunity to inspect or possess his personal property while at Trumbell or upon arriving at BECI.

On December 26, 2024, plaintiff claims an incident report was issued against him based on Correctional Officer Warrington stating that he found "multiple blue pieces of paper which seemed to be soaked in an unknown substance." (*Id.*). On the same date, plaintiff indicates defendant Investigator Stack tested the items, resulting in a positive detection for synthetic cathinones, which plaintiff indicates is a schedule two illegal substance. Plaintiff was placed into segregation pending an investigation. (*Id.* at PageID 78). On December 27, 2024, plaintiff claims Stack wrote a conduct report against him, alleging that he was in possession of $36,000 worth of synthetic cathinones. Plaintiff requested that another lab test be performed at his expense or that the State Highway Patrol test the items, but his request was denied.

With respect to his RIB hearing, plaintiff claims he was denied the opportunity to prepare a defense and to access the evidence used against him. He informed RIB Chairperson Sutton that he was innocent, did not possess any illegal substances, and stated that the test detecting illegal substances was defective. (*Id.* at PageID 79). According to plaintiff, Sutton found him guilty of rule infraction and imposed twenty-nine days of restrictive housing and recommended a security review.

Following the RIB hearing, plaintiff indicates that his friend and mother both tested the laundry detergent sheets purchased by plaintiff using the same test utilized by Stack. (*Id.* at

4

PageID 79-80). According to plaintiff, his friend's test came back negative, while the detergent sheets tested by his mother resulted in a positive detection for synthetic cathinones.

Based on the above factual allegations, plaintiff asserts that defendants violated his due process rights in connection with the conduct report, investigation, and RIB hearing. He also asserts state-law claims for slander, defamation of character, abuse of process, and malicious prosecution. (*Id.* at PageID 81-82). Plaintiff seeks declaratory relief and money damages. (*Id.* at PageID 82-83).

### C. Analysis

Plaintiff's complaint is subject to dismissal at the screening stage. *See* 28 U.S.C. § 1915A(b).

First, plaintiff has failed to state a claim upon which relief may be granted to the extent that he claims he was denied due process in the RIB hearing. The Due Process Clause protects individuals against deprivation of "life, liberty, or property without due process of law." U.S. CONST. amends. V, XIV. Prisoners subject to disciplinary proceedings, however, are not entitled to the same "full panoply" of due process rights afforded to criminal defendants during trial. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). A valid "due process challenge to a prison misconduct conviction depends on whether the conviction[] implicated any liberty interest." *Hubbard v. Theut*, No. 2:19-cv-52, 2019 WL 1198536, at *2 (W.D. Mich. Mar. 14, 2019). Importantly, the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *Id*. (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)). Rather, "a prisoner is entitled to the protections of due process only when a deprivation 'will inevitably affect the duration of his sentence' or imposes an 'atypical and significant

hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id*. (quoting *Sandin v. Conner*, 515 U.S. 472, 486–87 (1995)).

Plaintiff has not alleged that the challenged disciplinary sanction resulted in the lengthening of his prison sentence, the withdrawal of good-time credits, or in an atypical and significant hardship. The Sixth Circuit has found that confinement in segregation generally does not rise to the level of an atypical and significant hardship except "in extreme circumstances," such as when a prisoner is subject to an excessively long or indefinite administrative segregation. *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010) (quoting *Harden–Bey v. Rutter,* 524 F.3d 789, 791–92 (6th Cir.2008)). *Cf. Harris v. Caruso,* 465 F. App'x. 481, 484 (6th Cir. 2012) (a prisoner's 8-year confinement in segregation was of "atypical duration" and presented a cognizable liberty interest). Assignment to restrictive housing likewise does not implicate a liberty interest. *See Perry v. Erdos*, No. 1:22-cv-178, 2022 WL 2256901, at *3 (S.D. Ohio June 22, 2022), *report and recommendation adopted*, 2022 WL 3083522 (S.D. Ohio Aug. 3, 2022) ("Courts in this District have expressly held that assignment to extended restrictive housing, ODRC's most restrictive security level, does not implicate a due process liberty interest") (citations omitted). Accordingly, because plaintiff does not have a protected liberty interest under the circumstances alleged herein, his claims under the Fourteenth Amendment's Due Process Clause should be dismissed.

Plaintiff has also not stated a constitutional claim to the extent he has alleged that defendants wrote a false conduct report against him or failed to adequately investigate. Erroneous or even fabricated allegations of misconduct by an inmate, standing alone, do not constitute a deprivation of a constitutional right. *See, e.g., Reeves v. Mohr*, No. 4:11cv2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) (and cases cited therein) (holding that the prisoner failed to state

6

a claim upon which relief may be granted to the extent that he claimed he had "a constitutional right to be free from false accusations"). "A constitutional violation may occur, if as a result of an accusation, the plaintiff was deprived of a liberty interest without due process." *Reeves, supra*, 2012 WL 275166, at *2 (citing *Sandin v. Conner*, 515 U.S. 472, 485 (1995)). However, as noted above, plaintiff's allegations are insufficient to trigger constitutional concerns because he has not alleged any facts suggesting that the challenged disciplinary action deprived him of a protected liberty interest.

Plaintiff has also failed to state an actionable claim for relief based on his allegations of an inadequate investigation. "There is no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007); *see also Daniels v. Lisath*, No. 2:10-cv-968, 2011 WL 2710786, at *2 (S.D. Ohio July 13, 2011). Furthermore, to the extent that plaintiff claims that the grievance procedure failed to produce the correct outcome, this cannot give rise to a § 1983 claim because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug. 03, 1998) (citations omitted). Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct. *Knop v. Johnson,* 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Therefore, plaintiff fails to state a claim upon which relief may be granted against defendants to the extent that he claims they failed to investigate.

Finally, having determined that plaintiff's federal claims should be dismissed against the named defendants, it is recommended that the Court decline to exercise supplemental jurisdiction over plaintiff's state-law claims and dismiss such claims without prejudice. *See Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195, 210 (6th Cir. 2004) (although the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 is a matter of discretion, when a court dismisses all federal claims before trial, it generally should dismiss the state law claims as well).

Accordingly, in sum, it is recommended that the Court dismiss with prejudice plaintiff's federal claims against defendants for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). Having recommended that the Court dismiss plaintiff's federal claims, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law claims and dismiss such claims without prejudice. *See Harper,* 392 F.3d at 210.

## IT IS THEREFORE RECOMMENDED THAT:

1. The Court **DISMISS** Plaintiff's federal claims pursuant to 28 U.S.C. § 1915A(b)(1) because plaintiff has failed to state a claim upon which relief may be granted.

2. The Court **DECLINE to exercise supplemental jurisdiction** over plaintiff's remaining state-law claims and **DISMISS** such claims **without prejudice**.

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v.* 114 F.3d 601 (6th Cir. 1997).

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either

side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

       *s/Stephanie K. Bowman*
       Stephanie K. Bowman
       United States Magistrate Judge